

# 16-3725

---

## UNITED STATES COURTS OF APPEALS
## FOR THE SECOND CIRCUIT

---

BERNARD CHERRY,

Plaintiff-Appellant

V.

**NEW YORK CITY DEPARTMENT OF CORRECTION**

AND

**ERIC YUEN, ATTORNEY-TRIALS AND LITIGATION DIVISION**

Defendants-Appellees

---

On Appeal from the United States District Court

For the Eastern District of New York

---

Brief of Appellant Bernard Cherry

Bernard Cherry, Pro Se
765 East 163rd Street Apt. #14C
Bronx, New York 10456
(646) 529-2146

Page 1

# TABLE OF CONTENTS

 **Pages(s)**

Tables of Contents ………………………………………………………… 2

Tables of Authorities ……………………………………………………… 3

Statutes & Rules …………………………………………………………… 3

Statement of Subject Matter and Appellate Jurisdiction ………………….. 4

Statement of Issues Presented for Review ………………………………… 4

Statement of the Case ……………………………………………………… 4

Statement of the Facts ……………………………………………………... 5

Summary of the Argument ………………………………………………… 6

Argument …………………………………………………………………... 6

Conclusion ………………………………………………………………… 10

Certificate of Compliance ……………………………………………….. 13

Certification of Service ………………………………………………….. 14

# TABLE OF AUTHORITIES

**Cases**                                               **Page(s)**

U.S. v. Beggerly, 524 U.S. 38 118 S. Ct. 1862 (1998).................................... 7

Baba-Ali v. State, 19 NY3d 627, 634 [2012]....................................................... 10

Hazel-Atlas Glass Co. v. Hartford-Empire, 322 US 238, 246, [1944]................ 10

Koschak v. Gates Const. 225 AD2d 315, 316 [1st Dept 1996]........................... 10

Aoude v. Mobil oil Corp., 892 F2d 1115, 1118 [1st Cir 1689]........................... 9

## STATUTES

                                                           **Page(s)**

New York Judiciary Law § 487................................................................... 4,10

CDR Creances S.A.S. v. Cohen 2014 NY Slip Op 03294........................... 4,9

8 U.S.C. § 1324c........................................................................................ 10

## RULES

                                                           **Page(s)**

F.R.C.P. Rule 60 (d) (1) (3)........................................................................ 4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This Court as well as the District Court have subject-matter jurisdiction, based on the slip opinion, (NYS Court of Appeals for the Second Circuit on May 8, 2014; (CDR Creances S.A.S. v. Cohen, 2014 NY Slip Op 03294), and (FRCP Rule 60 (d) (1) (3)), also (New York Judiciary Law § 487).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

My complaint filed with the Eastern District Court, proves and details an egregious act of "Fraud on the Court" by an officer of the court, attorney Eric Yuen.

## STATEMENT OF THE CASE

I am appealing Judge Brian M. Cogan decision to dismissed my complaint, for lack of subject-matter and failure to state a claim. Judge Cogan erred in his conclusion. My claim of fraud on the court was stated in my complaint. Judge Cogan had subject-matter, based on (FRCP 60 (d) (1) (3)). Judge Cogan is being a little bias in this matter, because of his [2008] decision against me. He believes that I wanted him to vacate his ruling in his [2008] decision against me. In my complaint, I asked the Court to vacate the (OATH) decision, see (OATH Index No.

**Page 4**

07-0184), because fraud on the court was and still is present in that decision. That same (OATH) case prompted me to file a complaint against the attorney in question, Eric Yuen; when I read up on the charge and realized he committed this act of fraud on the court against me. Judge Cogan should have recused himself or let the Magistrate Judge handle this case that came before him. He stated in his decision, that he did not want to invoke his court ancillary jurisdiction.

## STATEMENT OF FACT

The facts of this case is irrefutable and very damaging to the defendants. Fraud on the Court was perpetrated by attorney Eric Yuen, and his employer (NYCDOC). The (NYCDOC) wants this case to disappear or that the NYS Court of Appeals sustain the District Court order/decision; because (NYCDOC) and the NYC Law Department attorney will not have any answer to my refute my complaint. The documents submitted in my complaint derived from the NYC Department of Correction and attorney Eric Yuen the defendants in this action. The attorney Eric Yuen prepared the the discovery package/evidence against me, with all the misleading and fraudulent documents for the (OATH) trial. The evidence shows that he was the one who argued the case against me and prepared the charges against me. He and the (NYCDOC) had complete knowledge of his

**Page 5**

deception before before the (OATH) trial and during the (OATH) trial. They both deceived the Court with false erroneous documents and charges against me that made Administrative Law Judge Kevin Casey to find me guilty at the OATH proceedings. That guilty verdict, prompted Commissioner Martin Horn to terminate me from my employment.

## SUMMARY OF ARGUMENT

My belief, is when fraud is committed in any courtroom that a decision is based upon, it should nullifies that decision. I also believe that any case that follows that particular court decision pertaining to that very same case, which had fraud on the court, in some form or another, should be nullified as well. I have not found any case law on the subject, but I believe it is out there. No court decision should be valid, if all the those decision that came after the (OATH) decision is predicated on the the (OATH) decision that had the fraud on the court present in the first place. Judge Cogan [2008] decision as well as the Article 78 decision is all based on attorney committing fraud on the court. His decision and the Article 78, is not worth the paper it is printed on; because both decision are based on an attorney lies and deception to the Administrative Court.

## ARGUMENT

Page 6

Fraud on the Court is a serious act perpetrated by an officer of the court. In (U.S. v. Beggerly, 524 U.S. 38, 118 S. Ct. 1862 [1998]), Judge Cogan sited this case in his order. In his decision on page [2 of 4], he stated, "I am characterizing plaintiff's complaint as an independent action in equity to set aside the prior judgment because any other characterization of plaintiff's complaint would leave the claim without subject-matter." Judge Cogan probably did not construed my complaint as liberally as he stated. It is hard to believe the overwhelming egregious action of attorney Eric Yuen did not give Judge Cogan pause. He dismissed my complaint in [11] days, without giving the city attorney a chance to respond; just as he did in his [2008] decision, the city did not respond, when Judge Cogan dismissed my complaint. Judge Cogan claims that my complaint did not make too much sense to him, when I detailed everything in my complaint, so the court can see the obvious. Attorney Eric Yuen action was and still is egregious in nature to this day and Judge Cogan as a judge should have realized that. I believe if it was not for him being a little bias, stemming from his [2008] decision, he would have not dismissed my complaint. Based on the case law mentioned above, Judge Cogan did not need or require an independent action; when the evidence

**Page 7**

proves in my complaint an egregious act by an officer of the court, attorney Eric Yuen. Like I stated before, Judge Cogan should have recused himself; because he could not help himself to be bias towards me, based on his [2008] decision.

Speaking on Judge Cogan biases, in his [2008] decision, (Civil Docket for Case #: 1:08-cv-04903-BMC-LB), on April 10, 2009, docket text [18] a letter motion for a pre motion conference. Let me just say this, I never attended any conference in person or telephonically or knew of one prior to this letter. My understanding if there is a conference, then both parties should attend. On April 23, 2009, Judge Cogan received notice of motion to dismiss my complaint, see docket text [20]. On April 24, 2009, order terminating docket text [20], see docket text [23]. On April 24, 2009, Judge Cogan ordered the city attorney to submit their answer brief by June 26, 2009, see docket text [23]. On May 31, 2009, Judge Cogan [5] days later dismissed my complaint on a Sunday and brought it in on Monday June 1, 2009 and filed it. This is suspicious in nature; he ordered the city to submit their reply and they did not comply to his order and he rushed his decision in on Monday June 1, 2009; so I will not be able to file a motion for summary judgment. Being that I was a Pro Se litigant, I did not know I was suppose to file a motion for summary judgment, when the city did not comply with

**Page 8**

the Judge's order to submit their brief by May 26, 2009. Keep in mind my complaint was time-barred; but the (EEOC) did not dismissed my case under their laws; instead they issued me a right to sue letter to proceed with legal recourse against the (NYCDOC). Judge Cogan order to dismissed my complaint derived from docket text [18]. Docket text [18] does not show a motion to dismissed my case; instead it shows that the city and the Judge had a conference without me being present to discuss a motion for dismissal of my complaint. Keep in mind he dismissed their motion to dismissed my complaint on April 24, 2009, see (Docket Text [23]), also see (Appendix page [9]).

This Court in (CDR Creances S.A.S v. Cohen 2014 NY Slip Op 03294), stated that fraud on the court must adopt a "clear and convincing evidence, also see (Aoude v. Mobile oil Corp., 892 F2d 1115, 1118 [1st Cir 1689]. My complaint stands very strong with this statement. The evidence is overwhelming against attorney Eric Yuen and his employer, NYC Department of Correction. This court and other courts, according to the Commercial Division Blog-current developments in the Commercial Divisions of the New State Courts -"review a number of federal cases and imported the federal clear and convincing evidence standard into New York Law." My complaint proves a clear and convincing

evidence against attorney Eric Yuen.

Attorney Eric Yuen wilfully acted in concert with the (NYCDOC) to devised a deceitful plan of obstruction of justice and misrepresentations of false information in my (OATH) trial. Their actions in that proceeding undermined the judicial process, see (Baba-Ali v. State, 19 NY3d 627, 634 [2012]). Eric Yuen by committing fraud upon the court, violated (New York Judiciary Law § [487]). It states that an attorney or counsel: "Is guilty of any deceit or collusion, or consent to any deceit or collusion with intent to deceive the court or any; party." The evidence in my complaint proves that without any shadow of any doubt in which Judge Cogan chose to ignore it. Eric Yuen committed fraud on the court as my complaint details the event. (8 U.S.C. § 1324c - subparagraph, (1, 2, 3, 4, 5), pretty much states that it is illegal to fabrication, forge and altered any documents in any proceeding.

In (Hazel-Atlas Glass Co v. Hartford-Empire, 332 US 238, 246 [1944], the court's paramount concern is the preservation of the integrity of the judicial process, also see ( Koschak v. Gates Const. 225 AD2d 315, 316 [1st Dept 1996]. So if the New York State Court of Appeal for the Second Circuit allows this injustice to continue; it will be a travesty to the judicial process and the United

**Page 10**

States Constitution.

## CONCLUSION

I respectfully ask this Court to overrule the District Court decision, if it is in this Court's power to do so. If not, I would like this Court to remand this case back down to the District Court and transfer the case to the Magistrate Judge to preside over it. Judge Brian Cogan can't make an impartial ruling on this case, because of his [2008] case decision against me. I believe in my complaint I have proven all the criterias in this court [2014] slip opinion. Attorney Eric Yuen - "acted knowingly, in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action. A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and falsification of documents concerns issues that are central to the truth-finding process." My complaint has all that is mentioned above, about the documents attorney Eric Yuen generated for my (OATH) trial. This court has the power to right the wrong that was done to me by attorney Eric Yuen. If this court sides with the District Court and agree with the District Court. Then it would be atrocity of justice in America on the judicial level. You have a Pro Se litigant, who never been in trouble with the law, never been arrested. Served my country in the Armed

Forces and received an Honorable Discharge. A first responder for the World Trade Center 9/11 attack. Employed by the NYC Department of Correction for the [10] years; with no disciplinary charge against me, other than the false charges Eric Yuen and the Department levied against me. How am I to interpret this Court decision, if the ruling is against me. So if you play by the rules your whole life and respect authority and abide by the law at all times. Then it really does not matter justice will not come to you; no matter what you do in life. I hope that this Court will not continue the lie and judicial misconduct against me, committed by an officer of the court, attorney Eric Yuen. My hope is that this court set the record straight for once and for all, so my name and record can be cleared of the bogus charges attorney Eric Yuen and (NYCDOC) set in motion [10] years ago. I respectfully thank you for your time and patience in this matter.

Respectfully Submitted,

*/s/ Bernard Cherry*

Bernard Cherry, Pro Se
Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

I Bernard Cherry, Pro Se litigant, certify this brief contains 2,306 words or less.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

**BERNARD CHERRY**

v.

**CERTIFICATE OF SERVICE***

Docket Number: **16-3725**

NEW YORK CITY DEPARTMENT OF CORRECTION & ERIC YUEN-TRIALS & LITIGATION DIVISION

I, **Aruwb Ambekisye**, hereby certify under penalty of perjury that
(print name)
on **Wednesday, January 11, 2017**, I served a copy of **Plaintiff-Appellant, Brief & Appendix**
(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery   **X** United States Mail   ___ Federal Express or other Overnight Courier

___ Commercial Carrier   ___ E-Mail (on consent)

on the following parties:

| Zachary W. Carter | 100 Church Street | New York | NY | 10007 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

**January 11, 2017**
Today's Date                                              Signature

Certificate of Service Form (Last Revised 12/2015)

Page 19 of 14